UNITED STATES DISTRICT COURT

for the

1st CIRCIUT, STATE OF NEW HAMPSHIRE

2019 JAN 10 P 12: 14

SCOTT CHANDLER

VS.

CHARTWELLHOLDING, INC.

THE FAIRWAYS APARTMENTS

Karen Young as removed for office,

Agents for Fairways and Individuals so named

including but not limited to

Jessica Lori

Dale Thomas

John Delehante, 4th

John Delehante, 3rd

Sarah Delehante

Jane Doe #s 1 - 10

John Doe #s 1 - 10

Town of Derry New Hampshire Police Department

Scott Jordon, Esq. Prosecutor for DPD

Officer Kidd, DPD, as removed from office

John Doe # 1 =10 Derry Police Department

**COMPLAINT FOR CIVAL ACTION**

PARTIES TO THIS COMPLAINT

A. The *Plaintiff*,

Scott Chandler, Pro Se

14 Fairway Dr., Apt. 3514

Derry, NH 03038

B. The *Defendants*,

1. ChartwellHoldings, Inc.

2. The Fairways, and 3. Karen Young as removed from Office

~~Corporation Services Group~~

10 Ferry St.

Concord, NH 03301

4. Town of Derry Police Deptarment

5. Scott Jordon, Esq. Prosecutor, as removed from office

6. Officer, Kidd, as removed from office

## BASIS OF JURISDICTION

The Plaintiff States that Jurisdiction is properly before this Court, United States Federal District, District of New Hampshire, under 28 U.S.C. § 1331 and 28 U.S.C § 1346 , a case arising under the United States Constitution and Violations of Public Laws of the United States of America.

## INTRODUCTION

The Plaintiff in this Matter would like to remind this Court, Federal District Court of New Hampire, that he is a Disabled person, having appealed the Decision of State Of New Hampshires, Disability Administration, to this Court, United States Federal District, District of New Hapshire. Thanks to this Court, granting his Appeal, aproximately five yrs. ago, the plaintiff was given, what is now Nine Hundred and Fifty Dollars a month Permanent Disability payments, SSDI, and a ridicilasly minimum lump sum of Twenty-Five Thousand Dollars for a period of more than Twenty plus years back Disability Payments, to compliment the Deprivations and Denial of Basic Constitutional Rights, and Human Rights, suffered by the Plaintiff over those years, by the very State he resides.

Plaintiff Asserts that he Knows this Court had no knowledge of the proceedings following, Its, reversal of the States Adjudication Findings. However once Disability was Granted, The Plaintiff was offered Housing through a Voucher Program out of the Center for Life

Management, Derry NH, where he accepted an Apartment from The Fairways, Derry NH.

It is the Negligent Actions of the Fairways, its Personel and Agents acting on behalf of said Facility, and the Town which operate for prophit or gain, that bring the Plaintiff, back to this Court, and Alleges as Follow: The Plaintiff Suffered Irreperable Physical and Emotional Harm, to His Person that are a direct and proximate cause, created by the Defendant's malfeacense and nonfeacense. Where a Disabled Person was not protected under the Laws of the United States of America, the United States Constitutional Guarentees and New Hampshire State Law, by a Person or Persons having taken "Oath of Office" or Coporate Officer, and intiated or allowed the Vindictive Persecution and Prosecution of a Disabled Person, along with Severe Mental and Physical Injuries.

"Jurisdiction is Properly before the Court, when, the jurisdictional issue and substantive issues can be so intertwined that a full trial on the merits may be necessary to resolve the issue". Osborn v United States, 918 F.2nd @ 730.

15 U.S.C. § 16810

Federal Torts Claim Act, 28 U.S.C. § 2671, ET SEQ.

18 U.S.C. § 249 & 1365(H)(4)

Duty to Warn of Violent Offenders

18 U.S.C § 371 et seq

Mail Theft 18 U.S.C. § 1708

New Hampshire Revised Statute 540 A-3

New Hampshire Revised Statue 530 A-4

Refusal to Renew Lease by means of Retailitory Action

New Hampshire Revised Statute 631 et seq. Financial Exploitation of an Elderly, Disable or Incapacitated Person

New Hampshire Revised Statute 173-B and refferenced provisions 631-634 et seq, Protection of Persons from Domestic Violence

42 U.S.C. § 1983 Acting under Color of Authority

United States Federal Constituion

State of New Hampshire Constitution

**Count One.** Negligently causing Emotnional Distress to a Disabled Person, To Wit. Maintance Man, known to the Plaintiff as Johny who entered the Plaintiff apartment without notice. 14 Fairway 1614, Derry, NH., Whom presumably is responsible for theft of Prescription

Medication, as thereafter the Plaintiff was deprived of Prescription medications, which has been ongoing and habitual, eventually including other persons. These actions where made known to Karen Young, Manager for the Fairway as they happened. New Hampshire Revised Statute 540 A-3 and 540 A-4, Crowley v. Frazier 147 N.H. 387 (2001)

**Count Two.** Negligent Infliction of Bodily Harm to a Disabled Person, To Wit, causing Plaintiff to Suffer, Pheumonia, and ultimately Asthma. While in the process of selling the Property to the ChartwellHoldings, for approximately two and half years. They did not fix or repair sewage pipes that continually backed up into the Plaintiffs first floor apartment, 14 Fairway Dr. Aptment 1614. Barry Quimby the Plaintiff's housing coordinator and the Staff of the Fairways were Made Aware at all times of Problems (broken stove element, replaced frigeration unit, replaced cabinets as result of flooding, replaced garabe disposal) in that unit and allowed the Plaintiff to suffer irreperable harm despite having a greater Knowledge of Consequences of "dreprivation of quiet enjoyment," and that unit went without repair of the Plumbing issues, Until the Spring of 2018. After the sale of the afore mentioned complex. New Hampshire Revised Statute 540 A-3 and 540 A-4 Crowley v. Frazier 147 N.H. 387 (2001)

**Count Three.** Harasment of a Disable Person. Hate Crimes. The Fairways, Karen Young, Manager, Failed to Secure the third floor Apartment that the Manager, and Assistant Manager leased to the Plaintiff after causing him to contract Asthma. Resulting in multiple thefts and personal property damage. To Wit, upon inspection of the Apartment, two weeks prior to move in, August 2018, the apartment was clean. The day of move in, there was a fresh stain from an animal at the the entrance door, and urine at the patio door. A request to Mrs. Karen Young was flatly denied, to replace the locks as it was obvious that some persons had access to this apartment. August 2016.

**Count Four.** Severe Emotional Distress and Harrassment of a Disabled Person. Hate Crime After knowingly moving a Disabled Person to a third floor apartment and knowingly causing the Plaintiff to Contract and Suffer Asthma. The Manager or her Agent, moved a third party agent of the Fairways, Known to the Plaintiff as Jessica Lori, Town of Derry Employee, next door to him, to harass him. The assistant manager, Known to the Plaintiff as Paula, was sought out by the Plaintiff, reguarding interactions that were disturbing to the Plaintiff fifty-four years of age and Jessica Lori, roughly twenty years of age. Having little interaction with girls of that age the plaintiff sought insight from a more mature woman, Paula, on how to handle, seemingly difficult to understand circumstances between himself and the much younger female. According to Defendant's second Demand to Vacate, the first being rightly defeated, September 2017. The Plaintiff contacted as many people as he Knew to in frantic cry for assistance in this matter. including but not limited to the Fairways, and His Housing Coordinator, the Derry Police, the Govenor's office, Preston Young, Esq., responding. The issuses of his, the Plaintiff's tramitic brain injuries, Americans with Disabilites and "Quiet enjoyment of enjoyment of residence," were all brought up to these persons by the Plaintiff. See Crowley v. Frazier 147 N.H. 387 (2001)

**Count Five**. Knowingly Indagering the Residents of 14 Fairways, Violating its own Contract and Federal Hate Crimes Act, to Terminate the lease of Individuals Known to Harrass, Threaten, Intimadate, or Harm other Tenants of the Fairways. To wit, Dale Thomas over the course of a yr., Threaten, Stalked, Harrased and destroyed the Property of one Marie Melvin, and another party known to Plaintiff as Paula, both elderly and disabled women of deminishing health, (Marie having shown the Plaintiff about a one half inch stack of police reports and letters to the Fairways). Tenants with adjoining apartments, at 14 Fairway Dr. apartments 1114 and 1314, known to the Plaintiff only by words in passing up to the incendent in Count Seven. The cure from the State in this case was to move an Elderly and Disable Person to another facility after several years of her calling the Fairways Home. The Plaintiff argues that in so doing the Fairways violated its Contractual Housing Agreements with the State and Federal Guidelines, in the manner of Cure, with Disabled Persons recieving assistance with Rent.

**Count Six**. Criminal Conspiracy, To Wit, The Plaintiff, made complaints to Karen Young, Fairway Manager, for Chartwellholdings, the Derry Police Department, Leutenant Michaud, and the Plaintiff's housing Co-Ordinator, Barry Quimby, The Govenors Commission for the Disabled, and the Govenors' Office, to whom Preston Young, Esq., answered and caused even greater threat and constant Harassment of "a disabled person" in violation of the Americans with Disabilites Act and his Housing Contract with the Fairways, by the Nieghbor and town employee, Jessica Lori, and current live in boyfriend, John Cross. Who were disturbing the Plaintiff and denying him the "quiet enjoyment" of his apartment. To Wit, As residents of aptment 3714, 14 Fairway Drive, would run thier aged and improperly maintained air conditioning unit, 24 hours a day and with windows open. Being approximately five (5) feet from the Plaintiff's deck and common wall, the constant droning noise was aggravating the Plaintiff's chief medical condition, tramitic brain injuries which in turn complicated his PTSD. The Plaintiff complained that since thier bedrooms are situated on the opposite side of the apartment, with walls and doors seperating the area, the airconditioning unit being located at approximately five foot distance from his patio door, and close proximaty of the wall seperating the units, ruining constantly constituted Harrament. As the Parties insisted on running said airconditioner without reguard to the Plaintiff's need for some "quiet" the Manager failed to provide a "cure" for the defect, exaperating Migrains and PTSD the Plaintiff suffers. Further when they would turn it off to watch tv or other acticities in the living area, which Mr. Chandler Shared a common wall, One or the Other, presumably John Cross, would turn the air conditioner on again, as soon as the plaintiff, would sit outside on his Deck, (day or night) as if and arguably on purpose, to Harrass, the Plaintiff. Further, on the date the Plaintiff attended the Govenors' open meeting for concerns of Persons with Tramatic Brain injuries, in Nashua, NH, Jochn Cross, brandished a firearm, (what looked to the Plaintiff to a .40 caliber hand gun), when he saw the Plaintiff exiting the front building, where his vehicle was parked, just prior to leaving for a Tramatic Brain Injury forum, hosted by and at invitation by Govenor Sununu's Executive staff. The Plaintiff complained to the Committe members and others present, of the circumstances, of the harassment and complete dismissal of concern, by the Derry Police and The Fairways with

reguard to persons with Disabilities, ie., Tramatic Brain Injuries, and Consitant PTSD.

**Count Seven**. Criminal Conspiracy. To Wit,   After notifying the Govenors' office of Disturbing Statments made to the Plaintiff, by Luetenant Michaud, upon calling the non emergency line of the Derry Police Department about the Harassment and exassperation of the Plaintiff's Migraines and PTSD, which ultimately caused him severe pain and suffering, the Plaintiff's housing co-ordinator from Center For Life Managment, a local Counseling facility, Barry Quimby, did come into a counselling apointment the Plaintiff had with Justin Husband, and did tell the Plaintiff, he "should move for his own Health and Safety." He, (Barry Quimby) "had eighty other people housed there and could not worry" about the Plaintiff. The Plaintiff further argues that since he was being seen at Center for Life Mangment, for the injuries so mentioned, the lack of empathy on the part of All Parties complained of constitutes Torts recoverable under the Federal Torts Claim Act.

**Count Eight**. Severe Emotional Distress and Felony Assault. Hate Crimes. Endangering the Healt and Safety of a Disable Person. Approximately one month after being told by Barry Quimby that He, the Plaintiff, should move for His own "health and Safety" Dale Thomas, assualted the Plaintiff. October 27, 2018. To Wit, Dale Thomas, Struck the Plaintiff with the steel door twice, at the entrance of the building, 14 Fairway Dr., in front of the Witness, Marie Melvin, and being the common area of the building where the mail boxes are and access to the main entrance of the building, is located. In a Hearing Derry District Court, September 2018, Dale Thomas testified he did so because he saw the Plaintiff "talking" to Marie Melvin a "week earlier." Marie Melvin being and elderly disabled person and Veteran, whom the Town Police failed to protect from the malicious acts of a Person presumably related to Derry Town Police Officer, Captain Vernon Thomas.

**Count Nine**. Violation of Hate Crimes Act. The Defendants caused the Plaintiff, Emotional Distress, and Physical Pain as frustration exaperates the Plaintiff's condition. To Wit, Karen Young, asked the Plaintiff to "forget" about the incident as we (Dale Thomas, and the Plaintiff, Scott Chandler) "are both sweethearts."

**Count Ten**. Criminal Conspiracy. Agents of the Fairways, committed "criminal conspiracy" and Deprivation of Constitutional rights, where They disseminated personal health imforation to tenants that were moved into an apartment below him, aproximately December 2017, 14 Fairway Dr., apt. 2514. To Wit, Sahra Delehante, approached the Plaintiff saying "Hi Scott, I understand you are a murder, pedophile and you have Brain Injures." "Would you like to come meet my husband and have dinner Friday night." After meeting her husband, John Delehante the 4th and roomate, father in law, John Delehante 3rd, told the plaintiff, Mr. Chandler, that they formally lived within the Fairway complex prior to this apartment at 14 Fairway Dr.,   this complex of approximately 850 apartments.

**Count Elevan**. Endagering the Welfare of a Disabled Adult. Hate Crimes Act Violations;   As

agents of the Fairways by "Course of Conduct" and apparent intimate or allegedly intimate knowledge, the Delehante's caused Severe Emotional Distress to the Plaintiff, wherein; They, purposely gained the trust of a Disabled Person, by thier Knowledge and Association with Walter Zaremba and his brother Buddy Zaremba. Employers of John Delehante, the fourth. Who by association and employee of Ram Printing, tried to remind the Plaintiff of his, the plaintiff's, prior associations, from more than 10 years Prior, with Wally and his brother from an establishment named the Village Square in Hampstead, NH. Recounting to the Plaintiff events that happened at the Village Square. Encompassing but not limited to, the fact that "Buddy" was on trial for driving while drunk, disabling one woman and injuring her son in a School Zone, in Hampstead, NH. For which, Buddy was apropriately charged, by the State of NH and is currently serving his Jail sentence of one and one half years. John Delehante the 4th, made statments to the Plaintiff, that such action by Buddy is or was considered a laughing matter were "Buddy" disabled a Woman and injured her Son.

**Count Twelve**. Causing Emotional Distress, Endangering the Welfare of a Disabled Person and Irreparable Physical Harm to the Plaintiff, and denying him Constitutional Rights, To Wit. As, Agents of the Fairways, by thier 'course of conduct', John Delehante the 3rd, John Delehante the 4th, and another party, offered and transported, to His, Mr. Chandler's, third floor apartment, a "moldy couch," aproxitamely February 2018. Then, assaulted him May 5th, 2018, beause the Plaintiff did not get the Joke.

After being assaulted by Dale Thomas, October 27, 2017, the Plaintiff, first sought relief by way of written complaint to the Derry Police Department. Then directly appealed to Chief Garone, to pursue charges against Dale Thomas. The Plaintiff further approached the Town of Derry Town Manager and simply requested a couch, upon which he could recouperate, (not Knowing the full extent of his injuries. Injuries that have resulted in Multiple Cardiac events and Respitory exasperation of the Asthma he had contracted as result of The Fairways, Karen Young's malfeasence, as well as severe pain and exasperated by stress and migrain headaches); The Plaintiff being hospitalized October 1997; June, July and October, 2018. July being an overnight stay in the Hospital and October being a four day stay in the Hospital. October 1, 2018, Dr.s where forced to introduce a cathiter to the Plaintiff's Heart among other invasive proceedures. See, NH Revised Statute 625:11, vi, & 631, et seq.,

**Count Thirteen**. The Delehante's on May 5, 2018, in act of retaliation, because the Plaintiff did not get the joke, where they gave a moldy couch to a Disabled person, someone they were told had brain injures and suffering bodily injures; John Delehante the 3rd, spat on the Plaintiff, from thier second floor balchany, after they complained to the Derry Police, Officer Davies responding, then both Delehante the 3rd and 4th assaulted the plaintiff further, causing his arm to be bruied in its entirety. NH Revised Statute 625:11, vi, 631, et seq..

**Count Fourteen**. Forgery. Continued Harassment of a Disabled Person. Deprivations of Constitutional Rights. To Wit. The Defendant's by means of It's agent, known to the Plaintiff, as

Alysa, (Fairways fitness director) in early May 2018, Forged a document with the Plaintiff's signiture attached.

Several days earlier to this instance, the Plaintiff was confronted by a good sized sixteen year old teenager, holding a sizable chuck of concrete, and accompanied by younger persons who lived within the Fairways. These persons were gathered by the Plaintiff's vehicle. As the Plaintiff, approached his vehicle, this teen stood close to the door of the Plaintiff's vehicle, all red in the face, trying to menace the Plaintiff. (The Plaintiff made several complaints of Breaking and Entering, breakage and theft of property and Prescription Medication to the Derry Police, one complaint was of this sixteen year old in his apartment, a statment made to police. Police officer, stated he wouldn't make a report of because, as the Plaintiff stated, "would talk to the teenager himself.  Which the Plaintiff asserts he, Did). (Earlier that winter he witnessed and confronted, a teen, Issac, coming from the third floor.  The Plaintiff states Issac, was a suspect in those crimes (another kid in the complex, Who the plaintiff, Spoke to earlier), as well as the John the maintance guy, and Dale Thomas who testified in Derry District Court, that "he would know if" the Plaintiff, "suffered any injuries" from the assault against him). (The Delehante's and others not known to the Plaintiff).

Whereas these Kids were congregated around the pool on this occasion, the Plaintiff did not feel comfortable writing in his address, "Not Understanding at that moment. These Kids were part of a group, Harrasing the Plaintiff, did not write in his address, on a sign up sheet, as required by the Pool and Gym facilities at The Fairways.

This After requesting Anthony, the facilites employee to disperse these same Kids from the Hot Tub area, where they were not using it, and the Plaintiff needed to, (Plaintiff states, he was suffering severly from phsical pain due lack of his Prescription Medication). Upon Leaving, Alysa, demanded that the next time he come to the gym he have his Clubhouse Identification with him. Not Knowing this young woman, and being to sore to crank his neck around, gave her a thumbs up wave. After showering, (its nasty up there where all these medicated Kidds that use the hot tub to urinate in), (despite prior occasions, residents kidds would try to come into the tub despite rules to the contrary, to warm and relieve thier blatters, as is evidenced by the build up on the tiles of the hot tub). The Plaintiff, returned to the clubhouse with his Clubhouse Identification, only to find that Alysa was not around. While talking and showing his ID to Anthony, the employee: The Plaintiff noticed that his address was written in for him by persons unknown to Him. The Plaintiff now understands that it didn't matter if he wrote in his signiture or not, as these Kids, already Knew of the Plaintiff's apartment location.. I.E. Tramatic Brain Injures!

**Count Fifteen**. Mail Theft 18 U.S.C. § 1708. The Plaintiff's concerns over persons breaking and entering were exaspareated when mail disappered from his mail box. The afforementioned "mail box" being located in the common area of the front entrance. The Plaintiff was to complete a recertification review and had the notice to complete it by May 31, 2018 from the state, on his

coffe table. To complete said notice he needed certain documentation. The Plaintiff had left his "proofs" in his mail box, "statments." Upon going to his Mailbox and Not finding any mail that should have been there, being, (a mailbox undercontrol of Federal Law, but to which can be accessed by Agents of the Fairways). The Plaintiff found all his mail was removed. The Plaintiff first axcessed the Postmaster of the Derry Post Office, who after "according to her" called Karen Young to confirm he still lived at the address, made disparaging remarks. To Wit, she asked the Plaintiff, "you didn't give your Keys to any of your "Boyfriends" did you.:"

After contacting the appropriate Federal Authorities, the next day the Plaintiff approached the mail delivery person, who, before the Plaintiff could ask the woman, (A deliverperson, who the Postmaster said was a "new" delivery person); the woman exclaimed, "Mr. Chandler, I understand that you Lost your mail in your couch." (Let it be Known that the Plaintiff disposed of the "moldy couch given him by the Delehante's" by Lifting it over his third floor railing of his patio and dropping it, aproximately a month earlier). (First discussing his plan to get rid of same to his Paincare provider and his Medical assistant). (The same persons and others witnessed the bruising on his left arm as a result of the May 5, 2018 attack on his person by the Delehante's). The Postal carrier or another person did after May 31st, place the (Statments) stack of mail, back in his postbox. Those statments, consisted of the very documents the Plaintiff was forced to run around to various business and the State Human Services building in Nashua, to have his recertification handled in a timely manner so as to not have his benefits denied or interupted.

In a Notice from the Postal Coustomer Help Center, the Plaintiff was informed, that "it is unacceptable to expect a postal carrier to deliver mail to his apartment door."  A third notice from the Criminal Investigation Service Center, dated, 8/20/2018. State, "A review of this matter indicates that your complaint would be best handled by, Inspector In Charge USPIS Boston DHQ." The plaintiff has yet to be able to respond to the nine packages that were paid for, confirmed to be delivered to, but not in the possesion of, nor ever have been recieved, by him out of his mailbox. Because as explained in further counts. The Town Police, and others have been menacing the Plaintiff, for seeking redress in the Courts against, Dale Thomas. Thomas, who just can not help himself from either Harassing a Disabled Person, or from elisiting the assistance of others to Harrass a Disabled Person. Evidencing his, Dale Thomas' Hate Crimes as outlined above, and further in this Complaint, Details.

**Count Sixteen.**   Continued Harassment and Vindictive behavior from the Delehante's. To Wit: Where the Plaintiff, complained to the Derry Police, Scott Jordon, esq., specifically, by means of written letter, written in the common area of the Police Department, retailiation was permitted when on one of the hottest days of the National Heat Wave, June 29, 2018, the Delehante's complained to the Derry Police, twice that day, once "that the Plaintiff poured beer on Him." Consequently, the Plaintiff, was threatened by the police, "Any violence happens, no matter who starts it you go to jail." Where, both Sarah and John Delehante 4th were working at the time and it being extremely hot in the Plaintiff's third floor apartment, the Plaintiff was on His Deck listening to Music from a small radio. A radio used by the Plaintiff to entertain himself and

drownd the noise of the arcaic Airconditioning Units. On this occassion the Plaintiff, poured water on Himself to cool off as there was no one outside below him, during that part of the day. However, upon returning home at four pm that day, the Delehante's felt it incumbant upon themselves to call the Police to complain, that he "shouldn't pour water on himself" at any time, (A year early it was the complaint of Marie Melvin, that Thomas, was watering her plants in the heat of the day while she sat on her deck. An event the Plaintiff witnessed). Complaints similar to this type of Harrassment, Continued which resulted in Multiple Threats to His person by at least one, but not limited to, member of the Derry Police Department. The Plaintiff states that these "threats", have been suffered him by one particular officer up to, including, a July 16th, event. When the Plaintiff's second friend past away that Month, (the first being a motor cycle accident July 4, 2018) The Plaintiff complains, that on the second visit to his home by the Derry Police department, (this date of July 16, 2018), Officer Davies, (who was present May 5th), appeared with this Officer, (who had begun harrassing the Plaintiff, back in September 2016 on behalf of Lt. Michaud and Jessica Lori). When the Plaintiff started to be agitated, Offer Davies picked up his right foot and wiggled it around, to distract the Plaintiff.

Multiple complaints were filed by these people, The Delehante's, who felt compelled to assault, piosion, steal from and Harass a Disabled Person all with the seemingly authority of the Town Police. As the Plaintiff specifically requested Scott Jordon prosecute them back in June 2018, when he wrote out and signed a complaint in the entrance of the Police Station. As stated on other occasiotions, the Plaintiff was told by Derry Police that if, "any violence occured, He would be the one to go to Jail, reguardless who started it".

**Count Seventeen**. Personal Injury by Harassing a Disable Person. To Wit. After suffering cardiac and pulmanary problems, and exasperation of his disabilities, coupled with the death of two close friends to whom the Plaintiff sought solace, (as the Police, Scott Jordon, esq., refused to charge these persons who committed felonious assaults against the Plaintiff), the Plaintiff suffered a Heart Attack, July 20,2018. The Plaintiff was kept overnight in Parkland Hospital after treatment and obervation, only to come home to trespass in his aprartment. On this occasion, Sun glasses that had been delivered by mail earlier that week, were smashed on the Plaintiff's counter. As in all the other thefts, there was no evidence of tampering of the locks. The Plaintiff insisted Police come investigate and take a complaint. Numbered 18-16247, this being one of the many complaints filed with the police including but not limited to 18-19851, 18-1680-OF and 18-1797OF. Although complained of and having been "investigated" no charges were ever brought against these "people."

**Count Eighteen**. Harassing a Disabled Person. Road Rage. As the assualants were allowed to continue to Harrass a Disabled Person, the list of ingnorant people assuming it "lawful" to do so, grew to include a person the Plaintiff has yet to Identify. Known to him by his automotive lience plate and car. (A person living in a building across the parking lot and road where the Police park regularly). A newer Red Mustang licence plate identified as, MRMOJOY. Apparently a person that lives in a building within the Fairways, To wit. August 8, 2018, on his

way to the Police Station downtown Derry, traveling on his way out of the Fairways, the Plaintiff was stopped behind MRMOJOY, waiting for the light to change. When it did, both parties proceeded downhill, in a northerly fashion along rte., 28 bypass. MRMOJOY, excellerated to between 5 mph and 15 mph. After a few hundred feet, stopped his vehicle to roll slower over a half inch change in road surface. (Repaving) Then proceeded downhill at  a slower than normal rate of speed, as it is posted for thirty (30) miles and hour.  For over a mile and a half later, and continuing into the traffic circle. MRMOJOY, continued in this manner, and faded to the left of the circle, headed toward rte 102. After the Plaintiff, passed the back of MRMOJOY's car, continueing up rte 28 bypass, MRMOJOY, turned north on rte. 28 bypass behind the Plaintiff. After passing the school, MRMOJOY begain traveling close enough to his vehicle to cause the Plaintiff to see in his driver side mirror, MRMOJOY, waving his hand with his middle finger externded.

  As the Parties approached the traffic light at Tsiento rd, and rte 28 bypass, the plaintiff signaled to turn left on Tsiento Rd.   When seeing MRMOJOY following him, the plaintiff pulled back into the travel lane, stopping at the light, where upon observing motion in his drivers side mirror, observed MRMOJOY, still waving his hand gestering with his middle finger extended. Having recently having had a Heart Attack, under constant Harassment by select members of the Town of which he resides, and (being irritated that he could not request imformation from the Police Department by phone, and harrassed by MRMOJOY for approximately two miles down the public roads), took a look to his review mirror, which someone had removed from his vehicle on a Sunday morning,  Sunday approximately the Middle of July,  (his rear view mirror was properly affixed to the windshield when he went for coffee earlier in the day, but on the floor and door ajar, when he went to leave again around noontime of that day, but had to wait for the police to show and investigate the vandelism,). Obviously not seeing anything as the mirror was not there, the Plaintiff   put the vehicle in reverse to "talk" to MRMOJOY as to why he was acting in such manner. (Plaintiff has since watched pollice park adjacent to where MRMOJOY parks and assumes more slander and libelous acts).

Having rolled back and hitting brakes as I heard a horn, the Plaintiff inadvertantly backed into a Cherverolet SUV, driven by a woman. After getting out of the vehicle and checking on the woman, and observing MRMOJOY and his female passenger laughing, The Plaintiff requested that we pull around the corner into the parking lot of the Church located at that intersection. As the Parties did so, MRMOJOY also pulled into the parking lot further away from the Parties. As the Two were Parties were talking it became apparent MRMOJOY's reason for pulling in. HE had called the police. While the officer at the time, was polite, the Plaintiff became more stressed, when the officer approached and stayed with MRMOJOY, for some times.   (The two years of victimization was taking its toll on the Plaintiff). As the parties were talking and observed MRMOJOY talking with the Derry Police officer, they discussed causation of the accident. To wit. The following statements were made by the Plaintiff and other Party. "He had been harrassing me from the exit of the Fairways." "He must be part of the group of Morons that

have been Harrassing me since being Struck with the Steel Door by Dale Thomas" The other Party asking "what is going on there. I hear of breakins and tires slashed, ect""the Plaintiff responded that he doesn't know, He goes out of Town to play." Then was asked where He goes, to which the Plaintiff responded "Kingston or Plaistow"  She responded "OH that isn't to far!" (Ten Days Later on the eve of August 18-19, 2018, The Plaintiff was set up to be assaulted in the Bar, while carrying the thousand of dollars worth of Opiod Medications,)(of Which since moving into the third floor apartment he had a safe that had been broke into. A Closet that he put a, keyed on both sides deadbolt, that had been broken into, and apartment ransacked of money and belongings that were never taken as part of the thefts on the first floor)). (As stated earlier since the Plaintiff became aware of a concerted effort to divert the Plaintiff from believing, Johny the maintance man from being solely responcible for the Thefts of his medications.)

Also while talking together and begining our exchange of "imformation" the Plaintiff was asked by the female party, if he Knew of the damage to the passengers' right side of his vehicles'  rear bumper, and if it may have been there before the accident. The other party claimed that the damage on the left side of her bumper cover was directly the result of the accident. She was told that "It is quite possible that it was there as he had stopped paying close attention as his Jeep had been beat to crap by person or persons he was not aware of". "The Jeep was in perfect condition when he purchase it, and he wanted to give it to his son after some modifications." From the third day that he brought the vehicle to the Fairways in November 2016, it recieved, multiple act of vandelism, creating Body damage, break-in damage, and attempted theft, (November 2017, five minutes after leaving the Police Station to recieve copies of Dale Thomas' statement of the assault with the door).

On that occasion after leaving the police station, the Plaintiff, drove to and went inside the Dollar Store, just a mile or so from the police Station. When He returned to his vehicle, it did not start. After returning the next day, when calmer and in the daylight, it became apparent someone tried steal the vehicle from the handicap parking spot in front of the Store, but broke the white metal ignition switch and was unsuccessful. Further vandelism and greater detrimental damage was levied to the vehicle making it necessary to purchase a third vehicle in the month of November during the last four years of residence there, including a Chevy Monte Carlo that his son had given him, upon his graduation and return to New Hampshire from out of State College.

Continueing to talk the other interested party in the accident, she, exclaimed her car had exasperated her as her son had begun driving and the winter before ended up on a snow bank and that the rear Taillight of her vehicle had resently been smashed. As the police officer was with MRMOJOY for such a period for all this conversation, the Plaintiff took it as a nervous reaction to a bad situation, Until, while talking to Karen Young, Magager of the Fairways, exclaimed to the Plaintiff, that she "was unaware" he, had a son.

**Count Nineteen**. Harrassing a Disable Person. Hate Crime and failure to protect a Disabled Persons by The Fairways Manager and Police. (The plaintiff since moving into the third floor

apartment had parked his vehicle in a handicaped Parking spot closest to the back of the building, (especially since where he had parked in the front of the building prior, someone removed the handicap parking sign that was installed for him when he first moved in). But since his vehicle had been vandlised so often in the front of the building, didn't mind parking infront of his patio, albiet he lives on the third floor. And Yet the vandelism and thefts continued. However, after the August 18-19, 2018, incarceration of the Plaintiff from the incident in Plaistow. John Delehante 3rd, the "person" who spat on the Plaaintiff, and then assaulted him along with his son, John Delehante 4th, because he, (the Plaintiff) Didn't Get The Joke of the Moldy Couch, parked his brown cadilac in that spot, from which the vehicle never moved. Perventing one or more Disable Persons, Heart Patients, from utilizing those parking spots. Spaces Designated for the Elderly and or Infermed Persons.  As the Plaintiff was curtious to the, Elderly Disable Heart Patient and Veteran, on the first floor, The Plaintiff parked out front of the Building, in the only spot available at the time).

Upon driving his vehicle to leave the parking lot of the Fairway, Wednesday, September 5, 2018, afternoon, about to travel past the stairs in the front of the building, a figure who had his head in his trunk, *stepped out in front of his moving car.* Forcing him to Stop. (Having Just had a Heart Attack, July 20, 2018, and assualted by Plaistow Police and a Brentwood County Corrections Officer and knowing that vandels had disabled his door locks, and watching Dale Thomas approaching his vehicle in a hurried manner), placed his car in park and exited his drivers door.  Dale Thomas rounded the back of the Plaintiff's car. The Plaintiff, desiring not to be trapped in his car, defensely, (as when he had a steel door slambed against his back by this 275lb person) got out of his car, at which Point Dale Thomas came within less than arms length to the Plaintiff and began yelling to the plaintiff that he knew, the Plaintiff was being evicted and that he, the Plaintiff should cut his hair, amoung other verbage and demands.

After this Harassing assault, The Plaintiff, drove directly to the Fairways Office being approximately an hour before the Fairway Office closed, and sought out Karen Young. The Plaintiff did then exclaim "your friend just jumped out in front on my vehicle then after stopping me tried to engage me into a physical confrontation again. How does he know you intend to evict me." After some conversation the Plaintiff left, stopped at the Mobil station down the road and pulled in to talk with a police officer sitting in his vehicle. Upon explaination of the foregoing events, the Officer, responded, "isn't that the guy that assaulted you last year. You can go to the Court House tommorrow and file a Petition for Stalking." Which the Plaintiff did.  September 27, 2018, a Hearing was held in the Derry District Court. At Hearing the Plaintiff had the witness Marie Melvin, there to testify to Dale Thomas' prior bad actions and assualts, to both herself and the Plaintiff.

**Count Twenty**. Harrassment Unconstitutional Deprivation of Rights Right to Redress. To Wit. On September 5, 2018, Dale Thomass stepped out in front of the Plaintiff's moving vehicle after learning the Plaintiff was facing eviction processes from the Fairways. Resulting from alegations contrary to actual facts, concerning the Delehante's poisioning, assualts and

Harrasment of a Disabled Person and persisted in informing the Plaintiff that he knew, niether, the Fairways, Karen Young the Manager, the Town of Derry Police or the Court would protect a Disabled Person living at the Fairways. As proven by the conduct of same. September 6, the Plaintiff filed for a ORDER of Stalking, based on Dale Thomass' continued Harassment of the Plaintiff. A Gut Feeling, Thomas was responcible for many of the Breakins and Thefts at the Plaintiff's apartment, (vandelism to his vehicles), which is in the same building as his assailants' was verified, when He, Thomas, "Under Oath" testified to same saying He (Thomas), "would Know" what was going on in the Plaintiff's Life. The Plaintiff not knowing or conversing with Thomas. SEE Police Report 18-20392. After filing for the Stalking Order September 6, 2018, the Plaintiff came home to the theft of medications he had forgotten in the apartment, 14 Fairway, Dr., Apt. 3514.

September 27, 2018, A Hearing was held in Derry District, where, Spath presiding, heard testimony from the Plaintiff, Scott Chandler, Marie Melvin, the Defendant Dale Thomas and His wife and taken under advisment. The following Sunday September 30, Derry Police Officer Kidd, came to the Plaintiff's apartment and told him, that Orders were made against Dale Thomas, but, she having been in the Court the day of Hearing, had to investigate charges of "criminal treatening," made by Dale Thomass against the Plaintiff, (supposidly after Thomas assaulted the Plaintiff with a steel door in the common area of the Building in which they both live, on October 27, 2017) in Court the prior week.

October 1, 2018, the Plaintiff gathered his mail and drove to Dover NH to see his paincare specialist. While driving, he opened the "Order" from the Court. Expecting to see that the Presiding Justice, Spath, granted his Petition as told by Officer Kidd, Derry Police, September 31st. However upon opening the mail and reading the document found that the "Court" denied His Petition. As it being an hour drive to Dover, NH, the Plaintiff had time to consider the Impropriety and Unlawfull nature of this Order. (The Assualts and Depriviations he Has Suffered, and the fact that NO attorney would represent him. (The Plaintiff, had contacted several attorneys within the State seeking assistance with these matters)). No Attorney that knew or should have Know of the nature of these Hate Crimes, facilitated or suggested to the Plaintiff to faciliate Justice in this matter. In fact the Complete Opposite occured. **Wh**ile waiting to see his Paincare Speacialist, Dr., John Kane, the Plaintiff suffered a Second Major Cardiac Event. As such the Plaintiff was Hospitalized for a total of four days, and three nights. During which time he underwent multiple tests and heart catherization. Inculding but not limited to a CAT scan of his lungs, where Dr. Lawson, Heart Speacialist determined, through use of the CAT scan of his Lung, that the Plaintiff had multiple NODULES, in the Plaintiff's Lungs.

*The Plaintiffs seeking Redress for wrongs committed against him began a barrage of vindictive assaults and procesacution against Him.*

**Count twenty-one**. Harrassing a Disabled Person. Vindictive Procesicution. A Barrage of Vindictive Processecution was levied agianst the Plaintiff by the Fairways, the Town of Derry

Police and State Courts, Derry District and Rockingham County Court. To Wit. The Fairways Manager began eviction proceedings and engaged Dale Thomas with private imformation. Dale Thomass, took it upon Himself to step infront of Plaintiff's moving vehicle, knowing or having known the Plaintiff had had a cardiac event. Forcing the Plaintiff to seek redress in the Courts, contrary to His, wants and desires. The Court, Derry District, denied relief the Plaintiff, a disabled person, residing in the State of New Hampshire. October 24, 2018 Derry Police arrested and jailed the Plaintiff, for listening to the radio in a vehicle he was forced to rent, when after multiple acts of vandelism. (Someone, aledgedly, one of the persons who had been harrassing the Plaintiff, poured engine oil in the automatic transmission after prying the window down on an earlier date snapping the window regulator). The Plaintiff, was forced to rent the vehicle to get to His Paincare Provider, October 24,2017.   It was on that date, Derry Police arrested him, forcing him to leave his Prescription Medicines (Opiates that had been stolen in the past), His wallet and credit cards, His keys to his apartment, and Jacket in the vehicle and transported him to Brentwood Corrections Facility. Where He was forced to "walk" home. (A forty minute car drive). In low, windy tempetures. After trying to cope with the exasperation of PTSD, and Sever Migraines as a direct result of thier, responciblity to the Plaintiff. Again October 27, Officer Kidd, aproached the Plaintiff. Asking, "what is the matter Scott, You didn't like the Courts' Order." The Plaintiff assumes she meant the rulling on Plaintiff's Motion for Reconsideration, Stalking Order, that the Plaintiff had yet to review, as it was in his mailbox the next morning. On that night, the Plaintiff was Arrested, again, and after refusing to put up with further Harrasing Statments from Arresting Officers, charge with OUI, and His Licence Suspended.

On the Date of the Eviction Hearing with Chartwellholdings, the Fairways, Karen Young, December 5, 2018, a thirty minute hearing was scheduled. The Court held the Plaintiff, four hours. Allowing testimony for the Defendant to use in further proceedings. Eviction was dismissed without predjudice. During testimony of Karen Young, the Plaintiff asked her about her relationship with Barry Quimby, his housing cordinator at CLM, during which the judge in that matter continued to interupt the Plaintiff, frustrating the Plaintiff. However of her own accord she stated she was concerned and affaid, because the Plaintiff, "stopped going to his counseling at CLM." Plaintiff complains the Court could have made its decision in chambers, as It, found the "eviction" Notice to Quit, defective. Effectively giving the Corporate Entity of the Fairways, Chartwellholdings and unfair advantage over the Plaintiff, on thier Second bite of the apple in future Eviction Proceedings.

The Fairways filed for exparte Restraining Orders, where the Rockingham County Superior Court, notified the Plaintiff of Hearing date and half hour Hearing, even when the Plaintiff had yet to file his Appearance. At Hearing the Petioner, ChartwellHoldings, failed to appear. Then Petitoner, through, Fynn Law Group, ask the Court to Vacate its Order, requesting a new Hearing to which the complaintant still did not show, "because of being on holiday" yet her Counsel having superior skills, never asked the Court for a continuance prior to hearing.

Because her attorney requested trial, the Rockingham Court scheduled trial in two months time,

February 26, 2019 after counsel stated "they" were seeking another eviction of the Plaintiff". Defendant, Refilled for Eviction Processes, with Notice to Quit in thirty days, that day while the Plaintiff was in the Rockingham Court, by leaving a copy of same at his door." Viciously, allowing anyone to read the same.

The Corporate Police Department of Derry NH has, harrassed, intimidated and assualted the Plaintiff, including but not limited to arresting him on the one yr aniversary of the assualt by Dale Thomass, October 27, 2017. Took his License while dealing with the trauma caused by them, exactly one year after a vicious hatefull attack by (presumably) a Derry Police Captains family member. Then came to his Apartment, on his birthday or day before and dragged him out in his underwear, during a snow storm. Officer Dorouhety did provide transportation back to his Apartment after booking and bail however. Yet never produced the warrant from which they asserted.. All of these facts attests to thier continued harrassment of a disable person, when he Appeared for Court, January 3, 2019, he was arrested after given the paperword for complaints of noise,,, I.E. using a radio to cope with his PTSD, which seek penalty of one year in jail.

Also, apparently, the Baliffs of the court charged the plaintiff, with Criminal Threatning, for making comments about events up the State House the day before. (The Plaintiff was already beyond the Metal detction unit at that time. A vote was taken barring State Representatives from carring thier handguns in the Gallary of the Building in which they meet. Opening Second Ammendment Restrictions of thier persons, finding that the State Representative are barred from carring thier firearms, as has been the rule for the thirty (30) plus years that his step-father has been a State Representative, within the galley or building of the state house.

The Plaintiff states to this Court, that very Morning January 3, 2018 He sent an email to Govenor Sununu, stating that he intended on leving the charges within this complaint, aginst Derry Police Prosecutor, Scott Jordon. I.E. Violations of Federal Hate Crimes Act; Violations of Federal Torts Crime Act and New Hampshire Revised Statute 173 et seq. Failure to Protect Elderly or Disabled Persons as Defined in New Hampshire Revised Statute 173-B:1(a)-(g).

**RELIEF**

Finding that the defenants, continue to provide protections of persons engaged in the Felonious Assaults of a disable person, The Plaintiff seeks redress in this Court, United States Federal District Court, District of New Hampshire.

The Plaintiff hereby claims that he has endured Harrasment and Assualt by the Defendnats, that he has not been able to Calculate. However it should not be unreasonable to assume that the theft of his personal property; His Medication: thefts and vandelism of His Vehicles and Replacement thereof along with repairs prior to this complaint: Medical Bills: Bail for release from Jails: and the Pain and Suffering the Plaintiff experienced while being exposed to Mold; being Harrased by other tenants: Being harrassed, slandered and Libeled against by the Staff of the Fairways, a ChartwellHoldings deginee; Being assaulted by tenant(s) i.e. Door slambed against his back, as

he was already suffering back injuries; Being given a Moldy Couch, Spat on, and then assualted; Being arrested for seeking redress in the Courts for the multiple felonies on the Part of the Derry Police Officers acting under Color of Authority (as agents for the Fairways) and subsequent harassment and assaults by Police of Plaistow Police and Rockingham County Correction personel; equate to damages without number but do hereby state that at Hearing for Eviction (413-2018-LT-00226) by the Defendant, Karen Young, manager of the The Fairways, ChartwellHoldings though thier attny Maxwell Sabin did make an "offer" of two thousand dollars, which was denied and a "Demand" for SIX MILLION DOLLARS, was tendered.

However that was prior to multiple court actions the Defendant Fairways manager Karen Young requested but did not attend, twice, yet the Rockingham County Superior Court, scheduled Trial, February 26, 2018; and the Arrests by Derry Police Department up to and Including this Day, January 3, 2018, where a DPD Officer stated to the Plaintiff, he "don't understand the Law" in refference to requesting to see or have a copy of the Arrest Warrant(s), for which he was arrested,   ADD SIGNIFICANTLY to that amount. As this would be the third time in as many months that he was arrested without warrant as claimed. Further that those multiple arrests for listening to the radio while suffering migraines and PTSD as a result of "Thier" combined actions or inactions are all combined and   scheduled for February 14, 2018, in the Derry District Court and the Defendant's third attempt to circumvent justice, with reguard to thier Petition for Restraining  Order, February 26, 2018 and and so Prays:

That this Court, Federal District for the District of New Hampshire, reconize that investigation by a competent person, be necessary and said costs be levied to the Defendants; and,

Those costs added to the costs of actual and punitive damages; and,

Make orders repecting discovery and depositions, where most of the proofs needed to proceed are in the custody and control of the Defendants, and;

Make other Orders that would afford the Plaintiff in this matter justice, including but not limited to actual and punitive damages, including Motion to proceed *informa pauperus*, Order Mandamus to Inferrior Courts of its own accord, Motions respecting Discovery, but not Limited to the aformention.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Proceedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for and improper purpose, such as to harass, cause unnecesary delay, or needlessly increase the cost of litigation; (2) is supprted by existing law or by a nonfrivolours argument for extending, mmodifying, or reversing existing law; (3)   the factual contentions have evidentiary support or, if specifically so identified, will like;y have evidentiary support after a reasonable opportunity for investigation or discovery; and (4) the commplaint otherwise complies with the requirements

of Rule 11.

Certification. *[signature: Scott Chandler]*

I agree to provide the Clerk's office with any changes to my address wher case-related papers may   be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Signature of the Plaintiff. . *[signature]*

Printed name of the Plaintiff   Scott Chandler    (605) 702-2025

1/10/19

### CERTIFICATION OF SERVICE

I, Scott Chandler, Pro Se, do hereby swear that a copy of the foregoing Complaint, to the Federal District Court has been served to the Parties by U.S.Mail, to Michel J. Flynn Law Group, 185 Devonshire Street, Suite 401, Boston, MA 02110 for the Defendant, the Fairways, Chartwellholdings, and Karen Young as removed from Office, and the NH Secretary of State for the Defendant Town of Derry Police Department, and Scott Jordon, Esq, removed from Office.

*[signature]* 1/10/19

Signature of the Plaintiff.